ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ABRAHAM FINE (CABN 292647)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3717
    FAX: (510) 637-3724
    Abraham.Fine@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHANTA HOPKINS, <br><br> Defendant. | CASE NO. 24-CR-0219-VC <br> CASE NO. 16-CR-0477-VC <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Date: September 11, 2024 <br> Time: 1:00 p.m. <br> Court: Honorable Vince Chhabria |

# INTRODUCTION

Defendant Chanta Hopkins pled guilty to possessing over a kilogram of cocaine as well as committing aggravated identity theft. And when agents searched Defendant's residence to effectuate his arrest, they found two firearms, including one behind the headboard of Defendant's bed. But this is hardly the first time Defendant will stand before a court to be sentenced. Defendant's rap sheet contains several convictions, largely for narcotics and identity-theft related offenses, as well as a significant number of additional arrests and parole violations. Most recently, this Court sentenced Defendant to 84 months in prison for similar drug and identity-theft related conduct. After obtaining compassionate release from that sentence (having served approximately four years), Defendant absconded from supervision and engaged in the conduct that led to the present charges. Nevertheless, Defendant accepted responsibility early and pled guilty pursuant to a global pre-indictment resolution. Accordingly, the government recommends that the Court sentence Defendant to a total sentence of 84 months imprisonment on the present charges and pending Form 12, a three-year term of supervised release (with the conditions recommended by probation), a $200 special assessment, and order forfeiture of the firearms, ammunition, cash, and identity-theft material seized during the search of Defendant's residence.

# BACKGROUND

## I. Offense Conduct

In August of 2020, this Court sentenced Defendant to 84 months in prison based on convictions for drug and identity theft offenses. *See* case no. 16-cr-0477-VC, Dkt. No. 434. This Court granted compassionate release in April of 2021 (after Defendant had served approximately four years in federal custody) and converted the remainder of his sentence to supervised release with the condition that Defendant remain on home confinement for two years with a full search condition. *Id*. at Dkt. No. 456. Shortly after his release, Defendant absconded from supervision. *See* Presentence Investigation Report ("PSR") ¶ 38. After he absconded, Defendant was contacted by law enforcement on multiple occasions (in November 2021 and December 2022) related to allegations of grand theft and evading police officers. *Id*., ¶¶ 44-45.

Agents located Defendant in October of 2023 and on October 24, 2023, agents searched an

apartment at which he was living in Pleasanton, California.  *Id*., ¶ 7.  During that search, agents found the following narcotics and narcotics-related items, which Defendant has admitted to knowingly possessing with the intent to distribute to another person:

- 1.16 kilograms of cocaine and a digital scale in a black backpack
- 112 grams of cocaine in a gray shoebox in a hallway closet

*Id*., ¶ 8.  Agents found 18.6 grams of cocaine base in the pocket of Defendant's jacket, which he admitted was for personal use, as well as 86 grams of cocaine, 264 grams of methamphetamine, and 2.3 grams of fentanyl under his bed.  *Id*.

During the search, agents also found in a downstairs closet a tan-colored unloaded Glock 19 handgun with an empty magazine as well as a separate magazine loaded with six rounds.  *Id*.  Agents located 12 rounds of ammunition in a nearby suitcase.  *Id*.  Behind the headboard of the bed in the master bedroom, agents found a loaded black semi-automatic Ruger handgun.  *Id*.   In addition to the drugs and guns, agents also found identity theft material, including credit card scanners, a credit card embosser, a credit card printer, numerous payment cards, driver's licenses bearing Hopkins' photograph but other names, and driver's licenses and Social Security cards belonging to other individuals.  *Id*.  In his plea agreement, Defendant admitted to possessing, with the intent to distribute, the 1.16 kilograms of cocaine found in his backpack and also agreed that he possessed, without permission, more than five identification documents belonging to other people.  *Id*., ¶ 9.

II.     **Criminal History**

Defendant, who is 41 years old, has a lengthy criminal history involving the possession and distribution of controlled substances, and various identity theft convictions.  *Id*., ¶¶ 27-53.  Since Defendant reached the age of majority, his history is peppered with arrests, convictions, probation violations – all of which resulted in his Criminal History Category of VI.  Most recently, in 2020, this Court sentenced Defendant to 84 months in custody on drug distribution and identity theft charges.  *Id*., ¶ 38.  After being released in April of 2021, Defendant absconded from supervision.  *Id*.  In November 2021, police encountered Defendant in American Canyon, California, during which Defendant fled from officers.  *Id*., ¶ 44.  When he was apprehended, police found Defendant with 19 cell phones, $3,000 in cash, and the key to a storage unit containing 368 grams of cocaine.  *Id*.  Defendant was released on new

state charges and failed to appear for further court appearances in that case. Approximately one year later, police encountered Defendant in Hercules, California. *Id.*, ¶ 45. On that occasion, Defendant led police on a high-speed chase, reaching speeds over 100 miles per hour, and successfully evaded law enforcement. *Id.*

### III.  Procedural Posture

On October 24, 2023, Defendant was arrested on outstanding supervised release violations in case no. 16-cr-0477-VC. On May 31, 2024, the government filed the operative Information, charging Defendant with violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Cocaine (Count One); and 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft (Count Two). *Id.*, ¶ 2. On June 5, 2024, Defendant pled guilty to the charges against him as well as to Charge Four of the outstanding Form 12 in the underlying case. *Id.*, ¶ 3. Per the parties' plea agreement, the government agreed to recommend a total sentence of 84 months in custody while Defendant agreed to recommend a sentence of 72 months. *Id.*, ¶ 4.

### ARGUMENT

### I.  Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), to include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)  the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## II.   Sentencing Guidelines Calculation

As set forth in the PSR, the Sentencing Guidelines calculations for Defendant's offense level is as follows:

|  | U.S.S.G. Section | Level/Points |
|---|---|---|
| Base offense level | §4B1.1(b)(3)<br><br>Career Offender – Two Prior Controlled Substance Offenses | 32 |
| Acceptance of responsibility | §3E1.1 | -3 |
| Total offense level |  | 29 |

PSR ¶¶ 15-25.

The Probation Officer concluded that Defendant's criminal history score is 20, and he therefore falls into Criminal History Category VI. *Id*., ¶ 41.  As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 29 and Criminal History Category VI is 151 to 188 months. *Id*. ¶ 81. Because Defendant also has been convicted of an offense under 18 U.S.C. § 1028A, a mandatory minimum consecutive sentence of two years is added to the Guidelines range. The Probation Officer recommends a sentence of 108 months in custody. *Id*. at Sentencing Recommendation.

## III.   The United States' Sentencing Recommendation

The United States recommends that the Court sentence Defendant to a combined 84 months imprisonment on the new charges and pending Form 12. Such a sentence is necessary to reflect the seriousness of the offense, especially in light of Defendant's criminal history, while also recognizing Defendant's early acceptance of responsibility and the factors in this case that led to an especially high Guidelines range.

Defendant committed a serious offense. He possessed with the intent to distribute a significant amount of narcotics, committed large-scale identity theft, and agents found two firearms when searching his home, including one behind the bed in which he appeared to be sleeping. Most egregious, Defendant engaged in this activity after being granted compassionate release, absconding from supervision, and

engaging in additional criminal activity while on the lam. No doubt, a significant custodial sentence is warranted in this case.

Nevertheless, the government recommends a below-Guidelines sentence of 84 months for several reasons. As an initial matter, 84 months is a significant custodial sentence that accounts for the seriousness of Defendant's conduct and will match the highest sentence he has ever received. In addition, Defendant's Guidelines range is driven by his career offender status (based on previous narcotics-related convictions) and that Guidelines range may not fully reflect the scope of Defendant's conduct here. Furthermore, Defendant expressed interest in accepting responsibility and reaching a resolution shortly after his arrest. The government submits that Defendant should get some credit for accepting responsibility early and agreeing to a global resolution before new charges had been filed.

Given the circumstances here, the Court may be wondering why the government is recommending the same 84-month sentence that Defendant received in 2020 for similar conduct. Typically, when offenders continue to offend, specific deterrence warrants a ratcheting up of the offender's sentencing exposure. Here, however, the circumstances of Defendant' previous case are different than those of a typical case. First, as described above, Defendant was let out on compassionate release after having served only four years of his previous sentence. As such, an 84-month sentence here would in effect be a significantly higher sentence than he has previously received. Second, Defendant received his previous sentence after having served in pretrial detention for four years and after engaging in significant pretrial litigation, taking the case all the way up to the edge of trial before accepting responsibility and pleading guilty. Here, in contrast, Defendant agreed to plead guilty before charges were even filed, demonstrating an early acceptance of responsibility and allowing the government to conserve resources. As such, the instant case is different from both a typical case and Defendant's previous case.

Considering all of these factors, an 84-month combined sentence is sufficient but not greater than necessary to reflect the seriousness of the offense as well as the other § 3553(a) factors. For the same reasons, the Court should impose a three-year term of supervised release with the suspicionless search condition agreed to in the plea agreement and the other special conditions recommended by Probation.

**CONCLUSION**

For the foregoing reasons, the government recommends that the Court sentence Defendant to a combined 84 months in prison (consisting of 60 months on Count One, a consecutive 24 months on Count Two, and a concurrent 24 months on the Form 12 violation), a three-year term of supervised release, and a $200 special assessment. The Court should also order Defendant to forfeit his interest in the firearms and ammunition seized from his residence on October 24, 2023, as well as the cash and identity theft material seized on the same date.

DATED: September 4, 2024                                    Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
ABRAHAM FINE
Assistant United States Attorney